WILLIAM PETERS *vs.* BOSTON AND MAINE RAILROAD.

The St. of 1872, *c.* 180, enacting that under given circumstances "any railroad corporation created by this state may lease its road to any other railroad corporation so created," applies to the Boston and Maine Railroad, notwithstanding that corporation was formed by a union (Mass. Sts. 1841, *c.* 56; 1843, *c.* 90; N. H. St. 1841, *c.* 6; Maine St. 1843, *c.* 108) of the Boston and Portland Railroad Corporation of this state with the Boston and Maine Railroad Company of New Hampshire and with the Maine, New Hampshire and Massachusetts Railroad Company of Maine, inasmuch as whatever existence it has here as a corporation, it has because it was created by this state; and repeals, *pro tanto*, St. 1867, *o.* 298, prohibiting railroad corporations from taking leases of other railroads without special authority from the Legislature, and St. 1871, *c.* 389, subjecting to forfeiture the charter of a railroad corporation consolidated with another in another state which without authority of the Legislature takes a lease of any other railroad.

A vote by a railroad corporation to agree with another railroad corporation to take a lease of a railroad to be constructed by the latter and to pay as rent a stipulated per cent. upon its reasonable cost, and a similar vote of the latter corporation to lease its railroad to the former upon those terms, do not constitute a lease of the road, and are not, except so far as they are preliminary to an actual lease, in contravention of Sts. 1867, *c.* 298; 1871, *c.* 389, prohibiting such leases.

BILL IN EQUITY filed July 1, 1873, alleging that the plaintiff was and for more than a year had been a stockholder of the defendant corporation, which was a corporation owning a railroad in this Commonwealth, and which was and had been for many years consolidated with a corporation of the same name, created by the State of New Hampshire, and owning a railroad in that state, and with another corporation of the same name, created by the State of Maine, and owning a railroad in that state ; that a corporation, called the Lowell and Andover Railroad Company, had been created, under the general law in relation to railroad corporations of this Commonwealth, for the purpose of constructing a railroad from Lowell to Andover, there to connect with the railroad of the Boston and Maine Railroad ; that the Lowell and

Andover Railroad Company had done nothing towards the construction of their road, and neither had nor could obtain sufficient means to construct it, unless they were enabled to do so by the credit obtained by making a lease of their road to the defendant corporation; that it had agreed with the directors of the defendant corporation to lease their railroad, when constructed, to that corporation for ninety-nine years, for seven per cent. a year upon the cost of its construction; and that the defendant's directors had agreed to take this lease when it should be approved by the vote of a majority of its stockholders; that the directors called a meeting of the stockholders to vote upon the question of authorizing the directors in behalf of the corporation to make the lease, when the road should be constructed; that this meeting was held June 3, 1873, and that the stockholders then voted to approve of the terms of the proposed lease, and to authorize its execution; that this lease had been agreed upon for the purpose of giving credit to the Lowell and Andover Railroad Company, so as to enable that company to obtain means to construct the road, which otherwise it could not do; that by the laws of the Commonwealth, no railroad corporation had the right to take or to agree to take a lease of a railroad in this Commonwealth which had not been constructed and which did not in fact connect with the railroad taking the lease at the time of the making of that lease; that the Boston and Maine Railroad were about to execute the lease; that by the laws of the Commonwealth, no railroad corporation could vote to confirm a lease of another railroad, to be thereafter made and executed, and the terms of which were thereafter to be fixed and agreed upon; that by the laws of the Commonwealth, the defendant corporation, being a corporation consolidated with railroad corporations in the states of New Hampshire and Maine owning railroads in those states, had no authority to take a lease of another railroad; and that by taking such lease it was liable to a forfeiture of its charter.

The bill prayed for an injunction restraining the defendant corporation and its officers from taking any lease of the Lowell and Andover Railroad when constructed, and from doing any further acts in reference to the taking of such lease.

The defendant answered, among other things, admitting that the plaintiff was a stockholder; that the defendant was a corporation owning a railroad in this Commonwealth; that a corporation had been established under the laws of the State of New Hampshire, and owned a railroad there having the same name; and that a corporation had been established under the laws of the State of Maine, and owned a railroad there having the same name; and that the acts uniting these various roads (Sts. of Mass. 1841, *c.* 56; 1843, *c.* 90; St. of N. H. 1841, *c.* 6; St. of Maine, 1843, *c.* 108, copies of which were annexed to the answer) had been accepted by the several corporations; that they had ever since operated the three railroads under the name of the Boston and Maine Railroad; but denied that in respect to its railroad in this Commonwealth, or in respect to the proceedings pending before the court, the defendant was consolidated with the corporations in New Hampshire and Maine; and alleged that it was a railroad corporation created by this Commonwealth, and as such entitled to all the rights and privileges of similar corporations.

At the hearing before *Ames*, J., it was admitted that before the passage of the acts of the legislatures of Maine, New Hampshire and Massachusetts, the corporations named in those acts existed in those states, and that the acts were accepted by the corporations, and that afterwards their business was managed and the property held as by one corporation under the name of the Boston and Maine Railroad, having but one set of stockholders one set of directors and officers, and one set of books, and keeping accounts in the manner provided in the acts, and holding meetings of one and the same set of stockholders, which meetings had been held in Massachusetts, New Hampshire or Maine, as the directors under the provisions of the by-laws elected; that prior to June 4, 1873, nothing had been done by the Lowell and Andover Railroad Company in constructing its road or in contracting for its construction; that no location of the railroad had been filed with the county commissioners of Middlesex County up to the date of the hearing; that the company had been regularly organized as a corporation under the general laws, with a capital of $250,000, and its route approved by the selectmen or

mayor and aldermen of the towns and cities on its line; that prior to June 3, 1873, two assessments of ten per cent. each on the par value of the shares had been levied and paid into its treasury, except the second assessment upon eight or nine shares; that it had also purchased real estate in Lowell for the use of the rail road to the amount of $25,000; that no form of lease had been agreed to and reduced to writing between the directors of the defendant corporation and the directors of the Lowell and Andover Railroad Company prior to the vote of June 4th other than as follows: On the 3d day of June the directors of the defendant corporation passed the following vote:

" Voted, to agree with the Lowell and Andover Railroad Company to take a lease of the railroad to be constructed by said company from Lowell to Andover, there connecting with the railroad of this corporation, for the term of 99 years, upon the following terms: The said railroad shall be constructed with reasonable economy as a strictly first-class railroad, with a single track fully complete and ready for use, with all necessary stations, freight grounds, side tracks, water arrangements, turn-tables and other necessary fixtures, having its stations and ground on Central Street in Lowell, and a connection with the Lowell and Framingham Railroad, and with the freight tracks of the Boston and Lowell Railroad in Jackson Street, substantially in accordance with plans prepared by Edward Appleton, civil engineer, and upon the locations already agreed to by the aldermen of Lowell and selectmen of Tewksbury and Andover. This corporation will pay said company as rent three and a half per centum semi-annually upon the reasonable cost of said road, its lands and appurtenances, not exceeding $750,000, and will pay all public taxes that shall be imposed upon said company or its stockholders residing in the State of Massachusetts on account of the property, franchise or capital stock of said company; will maintain in repair said road and all its appurtenances; will indemnify said company against all actions or claims for damages to persons or property by reason of any want of repairs of said road or its appurtenances or the operation of said road; and will during said term run such trains of cars between the cities of

Peters *v.* Boston & Maine Railroad.

Lowell and Boston over said road and the road of this company as will be necessary for the reasonable accommodation of the public in the transportation of freight and passengers between the two cities ; and will return the property at the expiration of the lease in good order and repair : Provided that said Lowell and Andover Railroad Company shall pay upon such expiration the value of any additions or improvement made to the property by this corporation during the term of this lease."

This vote was communicated to the directors of the Lowell and Andover Railroad Company on the day of its passage, who thereupon and on the same day passed a vote to lease its road to the defendant corporation upon the terms specified in the vote above set forth, which last named vote was, on the same day, communicated to the defendant's directors.

The vote of the defendant's directors was read at the meeting of the defendant's stockholders on June 4, and is the vote referred to in the vote passed at that meeting, which had been duly called by the directors to vote upon the question whether the stockholders would approve the terms of the lease as agreed upon by the directors. The following vote was passed by the stockholders at that meeting :

" Boston, May 23, 1873. Voted, to approve the terms of the lease of the Lowell and Andover Railroad, as stated in the vote passed by the directors of this company under date of June 3, 1873, and to authorize the execution of said lease in behalf of this corporation."

Since the filing of the bill, a similar vote had been passed by the stockholders of the Lowell and Andover Railroad Company at a meeting held on August 12, 1873.

The case was reserved upon bill, answer, and agreed statement, (and upon evidence which is not now material,) for the consideration of the full court.

*J. G. Abbott & O. Stevens*, for the plaintiff.

*A. P. Bonney & C. F. Choate*, for the defendant.

WELLS, J. The act of 1872, *c.* 180, applies to the Boston and Maine Railroad ; and is a repeal, *pro tanto*, of the restrictions contained in St. of 1871, *c.* 389, as well as of those in St. of 1867,

*c.* 298. Whatever existence as a corporation the defendant has, within the limits of this Commonwealth, it has because it was " created by this state."

By the terms of St. 1860, *c.* 201, § 2, the portion of such a railroad which lies within this Commonwealth " shall be entitled to all the benefits of the railroad corporations chartered solely by the laws of this Commonwealth, and shall be subject to the same and no other liabilities, except those contained in the preceding section." The liabilities thus excepted relate to connecting roads without the limits of the state.

The agreements and votes, set forth in the bill and agreed statement, do not contemplate any assumption of the cost of con struction, nor any aid to the Lowell and Andover Railroad Company, which is forbidden by law. They are not in contravention of the Sts. of 1867, *c.* 298, and 1871, *c.* 389, except so far as they contemplate or are preliminary to a lease of one road to the other corporation. They are, in effect, completed negotiations for a lease of the Lowell and Andover Railroad, when built, at a fixed annual rental, the amount of which is to be ascertained by a percentage upon the cost of construction. The credit thereby secured to the Lowell and Andover Railroad Company will be its own credit, and not a pledge of the credit of the defendant corporation.

It is not necessary to determine whether these negotiations are binding upon the several corporations, as executory agreements, or are invalid for want of authority to make such contracts ; because the result contemplated does not violate any law, or any legal rights of the plaintiff, or expose his rights as a stockholder to danger of loss. He fails to show, therefore, any ground for the interposition of this court.                    *Bill dismissed.*